IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 22-cv-00024-RM-SKC

NORMALEE MCGEE,

    Plaintiff,

v.

NOVARTIS PHARMACEUTICALS CORPORATION,

    Defendant.

___

**ORDER**
___

    Before the Court is Defendant's Motion to Dismiss (ECF No. 31), which has been fully briefed (ECF Nos. 40, 41). The Court denies the Motion for the reasons below.

**I.    BACKGROUND**

    Plaintiff alleges she developed severe vision problems after receiving an injection of Beovu, a drug produced by Defendant, on January 16, 2020. (ECF No. 30, ¶¶ 13, 17.) She alleges that in February 2020 she was diagnosed with uveitis, vascular occlusion, and vasculitis. (*Id.* at ¶ 13.) Just months earlier, in October 2019, the Food and Drug Administration ("FDA") had approved Defendant's Biologics License Application for Beovu. (*Id.* at ¶¶ 20, 21.) From the time Beovu—along with its label—was approved through the date of Plaintiff's injection, Defendant received ten adverse event reports of retinal vasculitis and/or retinal vascular occlusion in patients taking Beovu. (*Id.* at ¶¶ 70-73.) According to the Amended Complaint, "[r]etinal vasculitis is characterized by inflammation of the vessels of the retina typically leading to a decrease in vision," and "[r]etinal vascular occlusion is characterized by an obstruction of

the venous or arterial system of the retina, usually by a thrombus or embolus, causing vision loss which can be severe and permanent." (*Id.* at ¶ 29.) The reports prompted Defendant to conduct a comprehensive review, after which it changed its Beovu label in June 2020 by adding a new warning regarding the risk of retinal vasculitis and/or retinal vascular occlusion. (*Id.* at ¶ 35.)

Plaintiff filed this lawsuit in January 2022, asserting claims for strict liability—failure to warn, negligence, and fraudulent misrepresentation. In its Motion, Defendant argues Plaintiff's claims are preempted by the Food, Drug, and Cosmetics Act ("FDCA") under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 352-53 (2001), and therefore she fails to allege sufficient facts to state a plausible claim for relief. Defendant also argues that Plaintiff's fraudulent misrepresentation claim is not pleaded with particularity as required under Fed. R. Civ. P., 9(b).

## II.   LEGAL STANDARDS

### A.   Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). To defeat a motion to dismiss, the complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

B.     Fed. R. Civ. P. 9(b)

Pursuant to Fed. R. Civ. P. 9(b), allegations of fraud must be pled "with particularity." "This requires the pleader to allege the who, what, when, where, and how of the alleged fraud—in other words, the time, place, and contents of the false representation, the identity of the party making the false statements of the consequences thereof." *Tara Woods Ltd. P'Ship v. Fannie Mae*, 731 F. Supp. 2d 1103, 1114 (D. Colo. 2010) (quotations omitted).

## III.  ANALYSIS

A.     FDCA Preemption

"The federal government regulates the manufacture, labeling, and sale of pharmaceuticals pursuant to the FDCA." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019). When the FDA approves a drug for market, the manufacturer is normally required to use the exact text of the approved labeling or obtain FDA approval for any changes. *See* 21 C.F.R. § 314.105(b); *Gibbons*, 919 F.3d at 707. Despite the general prohibition on unilateral drug label changes, however, a manufacturer may make certain changes without FDA approval under the "changes being effected" ("CBE") regulation. *See* 21 C.F.R. § 314.70(c)(6)(iii); *Wyeth v. Levine*, 555 U.S. 555, 568 (2009).

The CBE regulation permits a drug manufacturer to ramp up its product labeling warnings on the basis of "newly acquired information." *See Wyeth*, 555 U.S. at 569.

> Newly acquired information is data, analyses, or other information not previously submitted to the Agency, which may include (but is not limited to) data derived from new clinical studies, reports of adverse events, or new analyses of previously submitted data (e.g., meta-analyses) if the studies, events, or analyses reveal risks of a different type or greater severity or frequency than previously included in submission to FDA.

21 C.F.R. § 314.3(b). The CBE regulation is consistent with one of the central premises of

federal drug regulation: "the manufacturer bears responsibility for the content of its label at all times." *Wyeth*, 555 U.S. at 570-71. Although the FDA retains authority to reject changes proposed via the CBE regulation, absent clear evidence that it would not have approved a proposed change, a court will not conclude that it was impossible for the manufacturer to comply with both federal and state requirements. *See id.* at 571.

Thus, to state a state law failure-to-warn claim that is not preempted by the FDCA, a plaintiff must plead a labeling deficiency that the defendant could have corrected using the CBE regulation. *Gibbons*, 91 F.3d at 708. If the plaintiff meets that standard, the burden shifts to the party asserting a preemption defense to demonstrate that there is clear evidence that the FDA would not have approved the change to the prescription drug's label." *Id.* (quotation omitted).

Here, Defendant argues that Plaintiff's reliance on the ten adverse event reports mentioned above[1] is misplaced because she "did not allege that these reports indicated a condition more frequent or severe than what was already mentioned on the label." (ECF No. 31 at 5-6.) However, given that the Beovu's label at that time mentioned neither vasculitis nor vascular occlusion, the Court is not prepared to conclude, as a matter of law, that these reports do not constitute newly acquired information. The Court does not necessarily disagree with Defendant's contention that the reports, standing alone, are insufficient to reveal risks of a greater frequency than previously disclosed to the FDA. But accepting the factual allegations in the Amended Complaint and drawing all reasonable inferences in Plaintiff's favor, the Court finds it is plausible the reports reveal risks that are different in type or greater in severity. And to

---

[1] Because the Court finds these reports constitute "newly acquired information," the Court need not address the publications Plaintiff cites for the proposition that Defendant had other newly acquired information prior to Plaintiff receiving her Beovu injection. Further, because these reports were admittedly received after the FDA approved Beovu, they are not indicative of the type of "fraud on the FDA" claims found to be preempted by the FDCA in *Buckman Co.*, 531 U.S. at 348.

4

the extent Defendant maintains that "[t]he label included information about reports of uveitis, the injury [P]laintiff alleges she experienced" (ECF No. 31 at 2), the Court is in no position at this stage of the case to make any type of determination as to whatever overlap may exist among the terms uveitis, vasculitis, and vascular occlusion.  Nonetheless, the Court is not persuaded that the adverse event reports can be so easily dismissed by the single mentions of "uveitis" and "retinal artery occlusion" buried in Beovu's twelve-page label.

Accordingly, the Court finds Plaintiff has sufficiently pleaded a labeling deficiency that Defendant could have corrected using the CBE regulation.  Defendant makes no argument that the FDA would not have approved additional warnings about vasculitis and vascular occlusion, and, indeed, such warnings were added to the label in June 2020.  As a result, Plaintiff's claims are not preempted by the FDCA.

      **B.**    **Particularity of Fraud Pleading**

"To plead a claim under Colorado law for fraudulent misrepresentation, a plaintiff must allege: (i) the defendant made a false representation of an existing fact; (ii) the representation was made to induce the plaintiff to act upon it; (iii) the plaintiff acted in reliance upon the fact represented; (iv) the plaintiff suffered a loss; and (v) as a result of plaintiff's reliance on such representation." *Tara Woods Ltd. P'ship*, 731 F. Supp. 2d at 1113-14 (citing *Nelson v. Gas Research Inst.*, 121 P.3d 340, 344 (Colo. App. 2005), and *Williams v. Boyle*, 72 P.3d 392, 399 (Colo. App. 2003), which states the elements as (i) a knowing misrepresentation of material fact, (ii) reliance on the material misrepresentation, (iii) the right or justification in relying on the misrepresentation, and (iv) reliance resulting in damages).

According to the Amended Complaint, the information contained in the "Clinical Trials Experience" section of the pre-June 2020 Beovu label indicated that retinal vasculitis and retinal

vascular occlusion occurred in 1% of clinical trial patients, but the real number was 3.3%. (ECF No. 30, ¶ 119.) Addressing this same aspect of the Beovu label, the United States Court of Appeals for the Ninth Circuit concluded that the plaintiff's allegations were sufficient to satisfy the particularity requirement of Fed. R. Civ. P. 9(b). *Rayes v. Novartis Pharms. Corp.*, 2022 WL 822915, at *2 (9th Cir. Mar. 18, 2022) (unpublished); *see also Davison v. Novartis Pharms. Corp.*, 2021 WL 4340412, at *4 (M.D. Fla. Sept. 23, 2021) (rejecting Defendant's Fed. R. Civ. P. 9(b) argument in another case regarding Beovu). Here, Plaintiff further alleges that users of Beovu faced increased risks of these conditions and related sequelae as compared to users of available alternative therapies and that her healthcare providers would have prescribed and used a safer alternative or no drug at all had they known the true facts concerning the risks of Beovu use. (ECF No. 30, ¶¶ 120, 137.) The Court finds Plaintiff's allegations are sufficient to satisfy Fed. R. Civ. P. 9(b).

## IV. CONCLUSION

Therefore, the Motion (ECF No. 31) is DENIED. The Court further finds that oral argument would not have made a difference in deciding the Motion to Dismiss and DENIES Defendant's Motion (ECF No. 33) requesting oral argument.

DATED this 6th day of December, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge